IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARJORIE CARPENTER,**

    **Plaintiff,**

v.                                                                             **Case No.:  3:12-cv-08047**

**RES-CARE HEALTH SERVICES, INC.,**
**d/b/a RES-CARE HEALTH SERVICES, INC.**
**of West Virginia, a foreign corporation**
**authorized to do business in West Virginia,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Compel Discovery Responses (ECF No. 23). Plaintiff has filed a memorandum in opposition, (ECF No. 25), and Defendant has replied. (ECF No. 27). Having considered the issues and the written submissions of counsel, the undersigned finds that oral argument is unnecessary. Accordingly, for the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, Defendant's motion.

### I.  Relevant Background

Plaintiff brought this action for retaliatory discharge after being terminated from Defendant's employment in November 2011. As part of her complaint, Plaintiff alleged negligent/intentional infliction of emotional distress by Defendant and demanded compensation for "embarrassment, humiliation, and mental suffering." (ECF No. 1-2 at 8).

In the course of discovery, Defendant requested the names and addresses of all health care practitioners who had seen or treated Plaintiff in the past ten (10) years;[1] sought production of all records referring or relating to physical, emotional, psychological, or mental injuries suffered by Plaintiff in the past ten (10) years;[2] and asked Plaintiff to sign an authorization permitting health care providers to release her relevant medical and psychological records.[3] Plaintiff refused to comply with any of these requests on the basis that she had not received medical or mental health treatment as a result of her termination; therefore, the information sought was irrelevant to either party's claims or defenses and unnecessarily invaded Plaintiff's privacy. Defendant wrote to Plaintiff in an effort to resolve the dispute, explaining that the information was required to evaluate and assess Plaintiff's allegation of emotional distress and her request for damages. (ECF No. 23-1). Plaintiff did not respond to the letter, so Defendant proceeded to file the Motion to Compel. That same day, Plaintiff communicated with Defendant by electronic mail, indicating that she did not intend to provide the requested information. (ECF No. 27-2).

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Fed. R. Civ. P.* 26(b)(1). Thus, relevancy in discovery is broad in scope, because "[d]iscovery is of broader scope than admissibility, and discovery may be had of inadmissible matters."

---

[1] Interrogatory No. 7.

[2] Request for Production of Documents No. 12.

[3] Request for Production of Documents No. 20.

*King v. Conde,* 121 F.R.D. 180, 194 (E.D.N.Y. 1988); *see, also, Caton v. Green Tree Services, LLC,* 2007 WL 2220281 (N.D.W.Va.) (The "test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence."); *Carr v. Double T Diner,* 272 F.R.D.431, 433 (D.Md. 2010) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). For purposes of discovery, information is relevant, and thus discoverable, if it '"bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined ... [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted). A party resisting discovery bears the burden of explaining "precisely why its objections are proper given the broad and liberal construction of the federal discovery rules. This includes, of course, where the resisting party asserts that the discovery is irrelevant." *United Oil Co., Inc. v. Parts Assocs., Inc.,* 227 F.R.D. 404, 411 (D.Md. 2005); *see also Kinetic Concepts, Inc. v. Convatec, Inc.*, 268 F.R.D. 226, 243-44 (M.D.N.C. 2010) (collecting cases).

### A.  *Contact Information of Medical Providers and Records*

Plaintiff argues that her medical records are not relevant because she has not placed her medical, physical, or psychological condition at issue. (ECF No. 25 at 4). Plaintiff concedes that she has made a "garden variety" emotional distress claim, but emphasizes that she has "never undergone any mental health treatment, so the only

records [available] would be for physical conditions." (ECF No. 25 at 6). According to Plaintiff, she has not alleged a physical injury; consequently, her prior medical treatment has no bearing on her claims.

To the contrary, Defendant contends that Plaintiff's medical records are relevant to show whether Plaintiff has pre-existing conditions that relate to or affect her claims of emotional distress and to determine the cause of her alleged injuries. (ECF No. 27 at 3). Defendant argues that courts addressing this issue have routinely required plaintiffs to produce medical and psychological records.

A review of cases decided by courts in the Fourth Circuit confirms Defendant's perception of the prevailing law. In *EEOC v. Sheffield, LLC,* 2007 WL 1726560 (M.D.N.C. June 13, 2007), the District Court addressed the very argument raised by Plaintiff regarding "garden variety" emotional distress claims, finding that "[w]hen a plaintiff seeks damages for mental anguish, '[t]he medical and psychological information sought by [ ] interrogatories and requests for production are relevant as to both causation and the extent of plaintiff's alleged injuries and damages.'" *Id.,* at *4 (quoting *Garrett v. Sprint PCS,* 2002 WL 181364, at *2 (D. Kan. Jan. 31, 2002)). Like Plaintiff here, the terminated employee in *Sheffield* did not claim to have incurred any medical or mental health treatment as a result of the termination. Nevertheless, the Court determined that defendant was entitled to plaintiff's medical, mental, and pharmaceutical history "to determine if any prior event may affect his demand for damages." *Id.; see also EEOC v. Dolgencorp, LLC,* 2011 WL 1260241 (M.D.N.C. Mar. 31, 2011) (Medical records are subject to discovery when a party claims emotional or mental distress.); *EEOC v. Smith Bros. Truck Garage, Inc.,* 2011 WL 102724, at *2 (E.D.N.C. Jan. 11. 2011) (Defendant may review plaintiff's medical records to determine whether

other contributing factors or events prior to termination caused the alleged emotional distress or anxiety.); *Carr v. Double T Diner*, 2010 WL 3522428, at *2 (D.Md. Sept. 8, 2010) ("Plaintiff's mental state is at issue for purposes of discovery because her emotional suffering is germane to the calculation of damages she requested in her complaint."); *Jimoh v. Charlotte-Mecklenburg Housing Partnership, Inc.,* 2009 WL 4062881 (W.D.N.C. Nov. 20, 2009) ("Plaintiff has placed her alleged mental state and any factors causing that mental state squarely at issue in this case. Plaintiff's medical, psychological and counseling records are both relevant and discoverable. A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records."); *Teaque v. Target Corp.*, 2006 WL 3690642 (W.D.N.C. Dec. 11, 2006); *Coffin v. Bridges*, 72 F.3d 126 (4th Cir. 1995) (unpublished).

In contrast, the cases cited by Plaintiff are unpersuasive. Plaintiff provides no legal support for the argument that her medical records are irrelevant to the claims and defenses in this case. Instead, she couches her opposition in terms of the confidentiality that generally surrounds medical information and relies largely on cases that address the federal psychotherapist-patient privilege. These cases are inapposite, however, because Plaintiff reportedly has no records of mental health treatment to which the privilege might attach. Thus, waiver of the psychotherapist-patient privilege simply is not at issue in this case.

Plaintiff also relies on a 1997 decision from the Eastern District of Texas in which the Court denied defendant's request for plaintiffs' medical records, finding that defendant did not need the records since plaintiffs did not intend to introduce medical evidence to support their claims of emotional distress. *Burrell v. Crown Central*

*Petroleum, Inc.,* 177 F.R.D. 376, 384 (E.D. Tex. 1997) ("If plaintiffs are not going to use medical records or medical testimony at trial in order to prove up the claims for mental anguish, then the court sees no reason why the records must be disclosed."). The Court reasoned that without some evidence that plaintiffs' mental conditions were at the "crux of the case," their medical records were irrelevant. *Id.*

Clearly, the *Burrell* decision is not binding on this Court and is contrary to the aforementioned decisions in this Circuit. Moreover, the undersigned does not find the reasoning in *Burrell* to be consistent with the broad scope of relevancy envisioned by the federal discovery rules. Notwithstanding Plaintiff's representation in this case that she does not intend to offer medical records to corroborate her claims, she alleges that Defendant has caused her to suffer emotional distress and she seeks compensation for that injury. As a result, discovery of her medical records is *reasonably calculated* to lead to the discovery of admissible evidence. Notations regarding consultation, diagnosis and treatment of psychological illnesses are often found in the records of health care providers who do not practice in a psychiatric specialty. For instance, family practitioners and internists routinely address the signs and symptoms of depression and anxiety that arise in their patient populations. For that reason alone, Plaintiff's medical records are relevant to the claims and defenses in this case despite the reported lack of records prepared by mental health providers. Moreover, particular medical conditions suffered by Plaintiff, or medications used to treat her, may also be relevant to the cause and extent of her alleged emotional distress.

### B. *Authorization for Release of Protected Health Information*

While Defendant is entitled to obtain Plaintiff's medical and pharmaceutical information, the undersigned declines Defendant's request for an order compelling

Plaintiff to sign a written release for those records. In *Fields v. West Virginia State Police,* 264 F.R.D. 260 (S.D.W.V. 2010), this District Court addressed its authority to issue such an order, finding no basis in the Federal Rules of Civil Procedure that empowers a court to require a party to execute a release of medical records. In any event, a written authorization is not necessary to obtain Plaintiff's records. The Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. Parts 160, 164, which governs the use and disclosure of protected health information, allows a health care provider to release medical information pursuant to a court order or pursuant to a subpoena not accompanied by a court order if certain conditions are met. 45 C.F.R. § 164.512(e). In particular, 45 C.F.R. § 164.512(e)(1)(ii)(B) authorizes a health care provider to release protected health information pursuant to a subpoena when the provider receives reasonable assurances from the party requesting the records that it has secured a qualified protective order that prohibits use of the records outside of the litigation and requires the return or destruction of the protected health information at the end of the litigation. Here, the Court has previously entered an Agreed Protective Order that meets the definition of a "qualified protective order" under 45 C.F.R. § 164.512(e)(1)(v). Thus, Defendant can attach the Agreed Protective Order, as well as this Order, to a subpoena and obtain the records directly from Plaintiff's medical providers.

### III. **Motion for Sanctions**

Pursuant to Fed. R. Civ. P. 37(a)(5), Defendant seeks reimbursement of fees and expenses incurred in bringing its motion to compel. Plaintiff argues that fees and expenses should not be permitted because Defendant failed to comply with Local Rule 37.1(b), which requires a moving party to arrange for a meeting in person or by telephone to narrow areas of disagreement before filing a motion to compel discovery.

(ECF No. 25 at 12). In response, Defendant points out that (a) it sent Plaintiff a "good faith" letter detailing the deficiencies of the discovery response; (b) Plaintiff's counsel admittedly received the letter; (c) within one day of receiving the letter, Plaintiff's counsel made a decision not to rectify the perceived deficiencies, but failed to convey this decision to Defendant—despite having in-person contact with Defendant's counsel. (ECF No. 27 at 6).

The purpose of the "meet and confer" requirement of the Local Rule is to facilitate a resolution of discovery differences before parties resort to court intervention. The premise underlying the rule is that understanding and compromise are more likely to occur when parties discuss the issues directly, rather than under cover of pen and paper or computer. Unfortunately, few lawyers talk face-to-face anymore and even fewer seem to read the Local Rules. In this particular case, it appears that a face-to-face meeting would not have resolved the issue. Moreover, the Local Rule was never intended to provide incentive for the nonmoving party to ignore a good faith letter, evade the discussion, or avoid initiating a compromise to the dispute. The Court finds that Defendant substantially prevailed on the motion to compel; consequently, an award of reasonable fees and expenses is justified. Nonetheless, the Court finds that Defendant's failure to abide by the "meet and confer" provision of the Local Rule justifies some small reduction in the amount of that award.

IV. **Order**

Wherefore, for the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff shall provide a full and complete answer to Interrogatory No. 7 within **ten (10) days** of the date of this Order;

2. Plaintiff shall provide Defendant with copies of documents in her possession responsive to Request for Production of Documents No. 12 within **fourteen (14) days** of the date of this Order. Defendant shall also be permitted to obtain copies of any and all documents responsive to Request for Production of Documents No. 12 by service of subpoenas in the manner set forth in the applicable HIPAA provisions.

3. The medical information obtained by Defendant will be considered confidential under the Agreed Protective Order even though it is not stamped as such.

4. Defendant's request for a written authorization for the release of records (Request for Production of Documents No. 20) is **DENIED;** and

5. Within fourteen days of the date of this Order, Defendant shall file an affidavit and any supporting documentation quantifying the amount of reasonable fees and expenses it seeks to have reimbursed under Fed. R. Civ. P. 37(a)(5). Plaintiff shall have **ten (10) days** thereafter to contest the amount of the fees and expenses requested by Defendant.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 23, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge